Good morning, Your Honors, and may it please the Court. Robert Burke, B-E-R-K-E, for the petitioner Ho Yim. If I may, I'd like to reserve two minutes for rebuttal, should it be necessary? Thank you very much, Your Honor. Your Honor, the grovelment of the petition, I think, boils down to the matter of Martinez-Racinos needs a second look. And Martinez-Racinos is the defined under the state law, is a categorical match for perjury as it's defined in the federal statutes. Meaning, obviously, that any way you could possibly be convicted of the perjury under the state law. Right. And under what standard do we review the correctness of the BIA interpretation? Well, obviously, deference is the first issue we have to contend with. And the BIA has said this is the right approach. But deference is obviously also limited by reasonableness. So I think the first thing we have to look at is whether it was reasonable interpretation. Now, where there's an ambiguity, obviously... Can I just ask? Yes, Your Honor. Where are you going with this? I mean, in your brief, you seem to go two places. One is a comparison with the federal statute and the other is a somewhat in passing dispute about whether the BIA should be the standard. So which one is it? I actually prefer my second argument, which was, as the court noted, seemed to be something of an afterthought. But in contemplation, I actually think it's extremely important because, and it does go back to the deference issue, because the question is, do we actually have an ambiguity or did Congress actually know what it was doing when it wrote this law? And I think the clue... Is the standard Congress has to know what it's doing? The standard is Congress is presumed to know what it's doing. I don't know where we're going. Go ahead. Okay. So long story short, Congress had many options and they used them all when they were writing the aggravated felony statute. They could say, this is just a crime, i.e. rape, murder, sexual abuse of a minor. Or they could say, this is a crime as defined in federal code. Or they could say, this is a crime that relates to some broad concept of crimes, as in relating to a controlled substance, et cetera, et cetera, et cetera. Now we have to presume they knew what they were doing. So we know that they did not make a specific reference to a federal statute. Okay, but here's my question. You haven't really presented... I mean, what you're saying is not implausible had you presented a coherent alternative given the appropriate methodology. I mean, usually if we do that, if we're trying to find out what the generic standard is, we do a survey of the states, we look at the model penal code, we look at various treatises and so on. You haven't given us any of that except the model penal code, but nothing else. Right. I did give you the model penal code, but I think there's something even a little bit more powerful than the model penal code. And that is Congress was writing an immigration statute and the Board of Immigration Appeals already provided us with an immigration definition of perjury. They did so in matter of H. Presuming Congress knew what it was doing, they had to know for immigration purposes, perjury was already defined and the definition for matter of H would therefore be the definition that we would all be on notice of. This is perjury as we perceive perjury. And the definition that's very specifically limited to in a judicial proceeding. So I didn't feel that we had to go and do a state survey and perhaps... But ordinarily, I mean, that's interesting actually, because ordinarily and the most recent case is Garcia-Santana, which I wrote, we look at contemporary definitions. And I gather what's happened, although the briefs don't really go into this terribly coherently, is that over time, the definition of both California and federal and maybe other states, we don't know, no one's told us, perjury statutes have evolved to cover non-judicial proceedings and non-oaths, i.e. statements under penalty of perjury, but not an oral oath. I mean, that's intuition, but I have no idea whether it's true or not, because no one's given me the data. But I think, and I know better than to answer a question this way. I think the question is the answer. And that is we're dealing with a line of cases where they say, hey, we've just been relying on the federal statute. And I think the conversation we're having right now... Well, that's fine. So suppose we think, that isn't necessarily correct. There are other possibilities, which require us to know a bunch of stuff that no one's told us. And following from that rationale, Your Honor, if in fact it was error for the board to solely rely on the federal statute, then we've got the error at the board. So what the board should have done is the board should have said, look, we understand we've read Taylor. We understand that we had a prior definition. The federal statute is not the end of the analysis. The federal statute is a part of the analysis. It would really be for the board to come back and say, hey, this is why we're going with this definition, or this is why we're going with that definition. But for the board to say, we're going with this definition because we're using an analysis that is incorrect, is error on the part of the board. Now, I would prefer to be able to stand here and say I've done a survey of all 50 states, but I haven't. I've only provided the court with the immigration definition that the board previously provided in matter of age and the model penal code definition. As a way of saying, look, reference to the federal statute here doesn't answer the Taylor inquiry. It doesn't answer the Taylor inquiry. You didn't do what you were supposed to do. You didn't follow the analysis you said you were going to follow. You didn't follow the analysis that the federal court said you were going to follow. You simply said, here's a federal statute. Our job is done. And that's what I'm taking issue with. Now, again, I can't disagree with the court that perjury may be an evolving concept in the law. But I can stand here and say with a straight face that as a concept, it's not without disparate definitions. And I can also say with great confidence that in properly applying Taylor, in properly arriving at what a generic definition is, the board didn't do what it should have done. And therefore, I can't stand here and say the conclusion that the board reached in using the correct standards is wrong under those correct standards. I can really only stand here and say the board didn't use the correct standards. The board seems to be under the erroneous impression that, hey, there's a federal statute. We're done. We wash our hands. So the grovelment of my brief isn't so much as to say, hey, look, here's a modern, and I didn't even think it out that far, your honor, in all honesty, it wasn't like a conscientious decision. Let me not do a state survey. But regrettably, the focus when I was writing it was, wait a minute, did the board even tell me why they're using this as the generic definition? And what's odd is that ordinarily, that would be a good reason not to defer to the board. And then we go on and we decide something. And to then be facing a vacuum after that seems a little peculiar. Well, it is and it isn't, I don't think, a humble opinion, because very often this court has to say to the board, look, we don't necessarily agree or disagree with your conclusion. In fact, I had the great pleasure of meeting counsel on the Saran case, where this court said, we're not sure you analyzed it right. Go back and reanalyze it. We'll take a look after you've chimed in with your opinion about this. But I do think that this court is in a position to say, the analytical framework that you used was incorrect. This is the correct analytical framework. Go use this analytical framework. And then I can come here and say, using the correct analytical framework, they've come to the wrong conclusion. There is at least one case of this court, unbanked case, where we sort of did it this way, right? Use the federal statute. Oh, sure. Without doing anything fancy, just did it. Well, yeah. And I think I... Sexual abuse of a minor. Exactly. The Estrada case, which is cited in my brief. I don't find a problem with Estrada. I think I find a problem in a very abstract way, but I don't find a very material problem with Estrada. Because when I looked at the other sources for what might be sexual abuse of a minor, they were all pretty much on all fours. I mean, they were all right there. I couldn't say, hey, look, the federal government drafted a sexual abuse of a minor language that seems to deviate from what the board said before, that, well, maybe a little what the board said before, or that deviates from what's in the model penal code, or that deviates from what I see in the states. But when I looked at this perjury statute, I was struck completely differently. I was like, wow, the model penal code is way different than this. Wow, the definition that the board adopted in 1943 is way different from this. So that's what kind of triggered the thought in my mind, hey, this federal definition doesn't feel generic to me. Okay, let's hear from the government, and then you've used your time, but we'll give you a chance to respond. Thank you very much, Your Honor. I appreciate it. Good morning, Your Honors. May it please the court, Jessica Doggart for the Attorney General. The court should deny the petition for review because Yim's conviction is categorically an aggravated felony under the ILO. I have no question in my own mind that if the proper standard of comparison is the federal statute, that California matches it. The much more interesting question is the one raised by Judge Berzon. What do we do with the fact that matter of age is not mentioned by the BIA when it makes the comparison to the federal statute rather than to its own prior definition, does not make a comparison to any other definition of perjury, what do we do with that? Well, the first answer is that argument is unfortunately entirely unexhausted. It was never raised before the board. Should we send it back to the board? It's an unexhausted argument. Isn't it just an argument, though? I mean, it's an argument. It's an argument that was never raised. Not a claim kind of thing. Well, it is a claim to the extent that it is not something that the board was ever given the opportunity to address. So my question is, should we give the board the opportunity? It may be in another case, but in this case, that argument was never exhausted. And 1252d specifically says this court can only consider exhausted issues. No, you're sliding off my question. You're telling me that this court cannot consider an unexhausted issue. I'm going to go along with that. So I say, well, what if we send it back to the BIA so they can consider it in this case? My argument would be, no, that's not necessary because the generic crime does categorically match the state statute. Well, you haven't done the, I mean, let's start with the board opinion. We're relying on really does leap a lot. I mean, it just has a huge gap in it and a little gap in the sense that it just goes right to the state federal statute. It doesn't tell you why. It doesn't consider anything else. There certainly are other possibilities, as your opponent pointed out. Both in board law and in the model penal code. And if you had asked me before this case whether lying on a driver's license was perjury, I probably would have said probably not. I mean, just off the top of my head. So it's not intuitively true that it does. So given that, why do we accept what the board has done rather than trying to get it right? Just procedural, I mean, analytically right in terms of the system they use. What's the principle of Chevron in deferring to a published board? No, no, but that's the problem. I couldn't defer to this as Chevron because it was not reason. I mean, this is where Garcia Santana came, comes in. It was not reasoned according to this prescription as to how you're supposed to do Taylor analysis. I don't see how we can defer to it as a matter of Chevron. Well, outside of that, even looking at it categorically under the Supreme Court's recent case law of Maloli and Moncrief and Discamp, you look categorically to the federal statute. That's the first place the Supreme Court always goes in a categorical inquiry. Really? What case is that? Well, in all... Maybe the first place, but it's not the only place. Correct. It's not the only place. And this was the only place. It is the only place that the board... So it's analytically improper. I mean, it just seems to me clearly analytically improper. I don't think there's any legal requirement that the board look to something other than the federal statute. While it must look at the generic definition, there's no case law requiring the board to... Did you read Garcia Santana? Yes. Okay. It doesn't say that you're supposed to find that the contemporary definition by looking at it and says it based on all of the Supreme Court cases, looking at a variety of data. Well, and arguably that's what the board did in this case. It looked at this contemporary definition, which was the federal statute, matter of ages from 1943, which is before the INA was ever enacted. So that definition cannot be contemporary. It may be that it turns out to be right. I couldn't even begin to tell you because I haven't read the statutes in the states and I haven't read the treatises and so on. I don't know, but you certainly can't tell that from just reading one federal statute. No, but it is instructive that the federal statute is, as many courts have mentioned, a near identical match to the state California statute. Here's a problem and I'm kind of following on from what Judge Berzon said about what appears to be the evolution of perjury, but I'm going to go at it in a slightly different way. The question is, is this an aggravated felony? I have no difficulty applying common sense. I'm concluding that if you're in a courtroom and under oath, you commit perjury, that Congress could have concluded that that's an aggravated felony. I have some difficulty thinking that if Congress had been asked, somebody goes into DMV and puts down the wrong birth date because he wants to get better insurance because old people get charged more and he signs under penalty of perjury, I have trouble thinking that Congress would call that an aggravated felony. Well, Congress specifically said under subsection S that it's a crime relating to perjury. So it need not be necessarily an actual perjury conviction. I understand that, but related to perjury depends on the type of perjury. So it's related to the fact that I signed under penalty of perjury when I lied about my age on my DMV form. That's even worse. That is to say, that seems even more innocuous, which I think strengthens the question I asked rather than weakens it. The argument is that lying under oath about a material matter, which is what is criminalized. But the DMV form doesn't even say under oath. It says under penalty of perjury. Which includes... I understand that, but anybody understands that it feels very different standing in a courtroom, raising your hand, swearing or affirming, and then you're going to tell the truth or you don't tell the truth compared to signing a DMV form that has been printing above your signature, signed under penalty of perjury. The DMV official is not saying raise your right hand. The DMV official barely takes the form. Yes, but even cases dating back to 1922, perjury is perjury. And perjury on a form, some of the older cases that were actually briefed in the next case that we're going to hear this morning, like people versus Darcy, for example, some of those older California cases discuss perjury in the context of filing forms for land or submitting... I understand that. But the question is, and this follows along with what Judge Berzon was saying, what would the board tell us if it had canvassed the various definitions of perjury, looked at its own prior definition of perjury, said, well, here's why we think it doesn't apply. I mean, we have no indication at all that the board even thought about this. To the extent that the board, you know, considered what was presented before it in matter of raciness. It was supposed to know its own case law. I'm sorry? The board is supposed to know its own case law. Yes, it's presumed that it knew its own case law in matter of age. But it didn't talk about it. But it was a matter of age is a decision that predated the INA. Presumably, you and I can, you know, do you have to guess as to what it considered. But in 1943, that was nine years before the INA was enacted. Perhaps it considered the definition under the INA and the categorical approach separately. Would the government object to our sending this case back to the BIA to ask it to consider more fully? I mean, obviously, it's entitled to deference. If it is considered something fully. To the extent that the issue was never raised initially when he had the chance before the board. What issue wasn't raised? It was raised that this is not a categorical match to the generic definition. Correct. The argument that that's not a categorical match to the generic definition was never raised before the board. What was raised before the board then? What was raised before the board was the two arguments that were briefed about whether or not the oath was required to be before a person or a testimony. Because it didn't match the generic definition. That was regarding the actual statute. Those were questions comparing the federal statute to the state statute. All right. Thank you. From what I've heard, I only feel compelled to respond unless there's a question on the issue of exhaustion. I would refer the court to page 19 of the CAR. What CAR, sorry? The Certified Administrative Record. On page 19, I do say in the brief, the record of conviction hearing does not provide a violation of either a generic or federal rule regarding perjury. It may not have a lot of flesh on the bones, but it is mentioned there. But I think further on the issue of exhaustion, where the agency's position on the question that issue appears already set, and it's very likely what the result of recourse to administrative remedies would be. Such recourse would be futile and not required. That's Al Riscotti, Legal Services, Inc. versus EOIR, 959 F. 2nd, 742, 747. Finally, I just want to respond to something that was mentioned in the opposition argument, which is we shouldn't have to guess what the board considered or didn't consider. That's not our job. With that, I respectfully submit. Okay. Thank both sides for their arguments. Yim versus Lynch now.
judges: Fletcher, Paez, Berzon